IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KIMBERLY HOPSON,
      Plaintiff,

vs.                             Case No. 3:05cv109/MCR/MD

BAPTIST HOSPITAL, et al.
      Defendants.

_____

ORDER and
**REPORT AND RECOMMENDATION**

      Plaintiff, appearing pro se, initiated this cause by filing a complaint that was difficult to decipher and in places illegible, but appeared to allege violations of her right to privacy under the U.S. Constitution.  Because the court could discern no basis for its jurisdiction, it directed the plaintiff to file an amended complaint in compliance with the Federal Rules of Civil Procedure and the Local Rules of this court, that set forth a basis for federal jurisdiction over her cause of action. She was also directed to file either a motion for leave to proceed *in forma pauperis* or the $250.00 filing fee.  When plaintiff failed to timely comply, the court entered an order to show cause.  (Doc. 5).

      Plaintiff has still failed to file a motion for leave to proceed *in forma pauperis*, although in apparent response to this order, plaintiff filed another document captioned "complaint," with attachments, which was referred by the clerk on a deficiency order.   In the new "complaint," plaintiff names Lakeview Center, K.L. Jorden, the State of Florida and Escambia Circuit Court as defendants.  The complaint reads in its entirety: "That the above defendants are in violation of Kimberly Hopson (sic) rights under U.S. Constitution Amendment 1, 4, 5, 8. Plaintiff seek (sic) return her child."  Appended to the complaint is a copy of a petition for dependency, filed in the Circuit Court of the First Judicial Circuit by

the Department of Children and Families ("DCF").   The DCF petitioned the court to adjudicate the plaintiff's newborn son Matthew Hopson to be dependent within the meaning and intent of Chapter 39, Florida Statutes because the plaintiff tested positive for marijuana and cocaine at the time of his birth, as did Matthew.   Another of plaintiff's children was previously adjudicated dependent and placed in foster care due to the plaintiff's drug abuse.   The outcome of Matthew's dependency proceedings is not clear from the attachments to the complaint, but the court surmises that the plaintiff's current complaint arises out of the fact that he was adjudicated dependent.

Assuming that this is the case, there is still no basis for this court's jurisdiction over plaintiff's cause of action.   As noted in the court's prior order, a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).   The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence.   *Lovern*, 190 F.3d at 654 (citing *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)).   The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist.   *Lovern*, 190 F.3d at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942); *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988)).   From the allegations of the complaint this court can discern no basis for federal jurisdiction.   The question of Matthew Hopson's dependency is a matter of state law.   Plaintiff's disagreement with the outcome of those proceedings does not mean that a constitutional violation occurred, and she does not suggest what actions or omissions by each of the named defendants gave rise to the alleged constitutional violation.   Merely asserting any sort of federal claim does not establish jurisdiction under 28 U.S.C. § § 1331 and 1343(a)(3).   *Lovern*, 190 F.3d at 654 (citation omitted).   "Federal jurisdiction requires that a party assert a substantial federal claim." *Lovern,* 190 F.3d at 654 (quoting *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1976))

(emphasis added); *see also* <u>Baker v. Carr</u>, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous).  Therefore, this court having no jurisdiction over the plaintiff's case, it should be dismissed.[1]

Accordingly, it is ORDERED:

The clerk is directed to docket the plaintiff's complaint and attachments thereto.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of subject matter jurisdiction and the clerk be directed to close the file.

At Pensacola, Florida, this 26th day of January, 2005.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1]The court notes that plaintiff's failure to file a motion to proceed *in forma pauperis* or to submit the $250.00 filing fee as instructed alone warrants dismissal of this case.